

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 13  PM 2: 45

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN GRAUBARTH,** | * | **CIVIL ACTION** |
| Plaintiff | | |
| | * | **NUMBER: 05-0892** |
| v. | | |
| | * | **SECTION: "I" (1)** |
| **UNITED STATES OF AMERICA,** | | |
| through its agency, **DEPARTMENT** | * | |
| **OF THE INTERIOR,** | | |
| Defendant | * | |

\* \* \*

### MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes the

United States of America, and respectfully moves this Honorable Court to dismiss this complaint

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or in the alternative, grant

___ Fee_____
___ Process___
_X_ Dktd_____
___ CtRmDep___
___ Doc. No____

summary judgment thereon to the United States of America pursuant to Rule 56 of the Federal Rules of Civil Procedure for the reasons set out in the attached memorandum.

                                            Respectfully submitted,

                                            JIM LETTEN
                                            UNITED STATES ATTORNEY

                                            _____
                                            KATHRYN W. BECNEL (23641)
                                            Assistant United States Attorney
                                            Hale Boggs Federal Building
                                            500 Poydras Street, Suite 210B
                                            New Orleans, Louisiana 70130
                                            Telephone: (504) 680-3025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN GRAUBARTH,** | * | **CIVIL ACTION** |
| **Plaintiff** | | |
| | * | **NUMBER: 05-0892** |
| v. | | |
| | * | **SECTION: "I" (1)** |
| **UNITED STATES OF AMERICA,** | | |
| through its agency, **DEPARTMENT** | * | |
| **OF THE INTERIOR,** | | |
| **Defendant** | * | |

\* \* \*

## STATEMENT OF UNCONTESTED MATERIAL FACTS

1. On April 20, 2001, plaintiff, Jonathan Graubarth, was injured at the Jean Lafitte National Historic Park Auditorium.

2. Plaintiff filed an administrative claim for damages, (Standard Form 95), with the National Park Service on June 13, 2001.

3. Plaintiff's Standard Form 95 did not include a sum certain as required by 28 U.S.C. §2672 and 28 C.F.R. §14.2(a)

4. As of the date of the filing of the instant complaint, no decision of plaintiff's administrative claim had been made.

5.  On March 23, 2005, plaintiff filed the instant complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

          Respectfully submitted,

          JIM LETTEN
          UNITED STATES ATTORNEY

          _____
          KATHRYN W. BECNEL (23641)
          Assistant United States Attorney
          Hale Boggs Federal Building
          500 Poydras Street, Suite 210B
          New Orleans, Louisiana 70130
          Telephone: (504) 680-3025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN GRAUBARTH,**<br>**Plaintiff** | * | **CIVIL ACTION** |
| | * | **NUMBER: 05-0892** |
| v. | | |
| | * | **SECTION: "I" (1)** |
| **UNITED STATES OF AMERICA,**<br>**through its agency, DEPARTMENT**<br>**OF THE INTERIOR,** | * | |
| **Defendant** | * | |

\* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff, Jonathan Graubarth, filed this suit under Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the United States of America, following an incident which occurred at the New Orleans Jazz National Historical Park located in New Orleans, Louisiana (Park) on April 20, 2001. As required by 28 U.S.C. § 2675, as a prerequisite to filing suit in federal court under the FTCA, plaintiff filed an administrative claim on June 13, 2001, claiming personal injury damages of an undisclosed amount. No decision on plaintiff's claim was made, and plaintiff then filed this civil action in U.S. District Court on March 23, 2005.

Defendant moves to have this action dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, or in the alternative, on summary judgment grounds pursuant to Rule 56(c).

## **MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**A.  Claims for negligence in general premises liability under Louisiana law are not permitted under the FTCA.**

As sovereign, the United States is immune from suit except where it has expressly waived its sovereign immunity. Advanced Materials, Inc. v. U.S., 995 F.Supp. 58 (E.D. La. 1997); United States v. Orleans, 425 U.S. 807, 813- 814 (1976); United States v. Mitchell, 463 U.S. 206 (1983). With the passage of the FTCA, Congress waived the federal government's immunity under limited circumstances. As with all statutes, the waiver of sovereign immunity must be strictly construed. Owen v. United States, 935 F.2d 734 (5th Cir. 1987).

The FTCA is the basis for jurisdiction in the case. It grants jurisdiction for actions involving personal injury caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his or her office or employment. 28 U.S.C § 2679(b)(1); 28 U.S.C. § 1346(b).[1] This broad grant of jurisdiction, however, does not apply to a cause of action based on general premises liability under state law. Cupit v. U.S., 964 F.Supp. 1104 (W.D. La. 1997); Berkman v. U.S., 957 F.2d 108, 112-13 (4th Cir. 1992).

The FTCA applies only to create liability for specified acts or omissions of an identified employee of the government "while acting in the scope of his or her office or employment." 28 U.S.C. § 1346(b). There must, therefore, be an actionable negligence by a particular employee of

---

[1] "[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b).

2

the government for the FTCA to have subject matter jurisdiction as the United States has not consented to be sued for general premises liability under state law. Cupit, 964 F.Supp. at 1111-12.

In the present case, plaintiff's Complaint asserts that the United States is liable under the principles of Louisiana negligence law for:

> (a) having custody and control over the defective premises;
> (b) failing to warn individuals of the defective nature of the ladder/stairs;
> (c) any and all other acts which may be proven herein.

Absent from plaintiff's complaint, however, is any mention of a specifically named employee of the United States responsible for this alleged negligence.

Claims for negligence in general premises liability under Louisiana law are not permitted under the FTCA. While it is true that the United States, when acting as a landowner, must maintain its property in a reasonably safe condition, plaintiff must be able to establish that federal law permits the application of this law to the United States. See Berkman, 957 F.2d at 112. The United States can act only through people. See id. The FTCA requires, therefore, a more focused approach in determining the relationship to the United States of the actor whose negligence might be imputed to the Government under state law. See id. at 112-13. General premises liability too closely resembles strict liability which is in disharmony with the longstanding principles of sovereign immunity recognized by the FTCA. See Perkins v. United States, 1999 WL 148442, *2 (E.D. La.) (held despite the showing that a defect on the premises caused plaintiff's damages claim remains one of premises liability which fails to state a claim under FTCA); see also Cupit, 964 F.Supp. 1104 (finding that claim against the United States based on Louisiana general premises liability was not permitted under FTCA).

A plaintiff asserting premises liability under Louisiana law has the burden of proving that the property which caused the damage was in the custody of the defendant; that it was defective because it had a condition that created an unreasonable risk of harm; that the defect was a cause in fact of the damages; and that the landowner knew or should have known of the risk. See Cupit, 964 F.Supp. at 1112 (citing Millet v. Cormier, 671 So.2d 1101, 1105-06 (La.Ct, App. 3rd Cir.1996)(citing Farr v. Montgomery Ward and Co., Inc., 430 So.2d 1141 (La.Ct. App. 1st Cir.1983)). Some district courts have applied such state premises liability law against the United States under the FTCA.[2] However, other courts, including those present in Louisiana, have not extended the FTCA based on general premises state law liability claims. See Cupit, 964 F.Supp. at 1112 (citing Berkman, 957 F.2d at 113; Williams v. United States, 50 F.3d 299, 307-08 (4th Cir. 1995); Norman v. United States, 1996 WL 377136 (E.D.Pa. 1996); see also Perkins, 1999 WL 148442 at *2.

In the present case, plaintiff's allegations that the United States failed to maintain a reasonably safe area lies in strict liability or general premises liability under Louisiana Law and must fail as a matter of law. This court, therefore, lacks jurisdiction to consider plaintiff's claims, and this action should therefore be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[3]

---

[2] See generally Torres v. United States, 953 F.Supp. 1019 (N.D.Ill. 1997); Kendrick v. United States, 854 F.Supp. 453 (E.D.Tex.1994); Cunningham v. United States, 827 F.Supp. 415 (W.D.Tex. 1993); Evans v. United States, 824 F.Supp. 93 (S.D.Miss. 1993).

[3] "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . ." Fed.R.Civ.P. 12(b)(1).

**B.     Plaintiff has failed to exhaust his administrative remedies because he failed to present a sum certain to the appropriate agency.**

Written notice of a "sum certain" must be presented to the appropriate federal agency within a two-year period to enable it to begin investigating the claim, and plaintiff bears the burden of establishing timely and proper presentment. 28 U.S.C. §2672 and 28 C.F.R. §14.2(a). Montoya v. United States, 841 F.2d 102, 105 (5th Cir. 1988); All State Financial Company v. The Parish of Jefferson, 2003 WL 1873090, *1 (E.D. La. April 9, 2003) (Berrigan, J.). The purpose of the statute requiring notice and a "sum certain" is to permit the federal government to be aware of its maximum exposure to liability and damages, and federal agencies will be in position to fairly evaluate claims and to make intelligent decisions regarding settlement. Lebron v. United States, 279 F.3d 321, 330-331 (5th Cir. 2002); Low v. United States, 795 F.2d 466, 470-471 (5th Cir. 1986); Martinez v. United States, 780 F.2d 525, 530 (5th Cir. 1986). Moreover, this sum certain allows the agency to evaluate whether the settlement will require the approval of the Attorney General under 28 U.S.C. § 2672, and provides the agency with the information necessary to act on the claim within six months pursuant to 28 U.S.C. § 2675(a). Molinar v. United States, 515 F.2d 246, 249 (5th Cir. 1975).

The preferable method for presentment of notice and a sum certain is by Standard Form 95 (SF-95). The filing of a Standard Form 95 constitutes a "claim." The amount listed in the SF-95 is a "sum certain" within the meaning of the requirement of 28 U.S.C. § 2675 and 28 C.F.R. §14.2(a). Dickerson ex rel. Dickerson v. United States, 280 F.3d 470, 475-76 (5th Cir. 2002). Plaintiff failed to list a "sum certain", or any dollar amount, on his SF-95.

28 U.S.C. § 2675(b) prohibits plaintiff from recovering damages in excess of the "sum certain" amount presented to the federal agency, subject to two exceptions:

5

> (1) where there is newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency; or,
>
> (2) where there are both allegations and proof of intervening facts.

See 28 U.S.C. 2675(b)[4]; Dickerson, supra, 280 F.3d at 475-76; Lebron, 279 F.3d at 330; Low v. United States, 795 F.2d 466, 470 (5th Cir.1986). To meet this burden, a plaintiff must show that the "newly discovered evidence" or "intervening fact" was not reasonably capable of detection at the time the administrative claim was filed. Plaintiff is required to demonstrate that the new information could not have been discovered through the exercise of reasonable diligence. Dickerson, supra, 280 F.3d at 475-76; Lebron, supra, 279 F.3d at 330; Low, supra, 795 F.2d at 470. Low also made clear that, "new information cannot surmount the bar created by §2675(b) if the information merely concerns the precision with which the nature, extent or duration of a claimant's condition can be known." Lebron, supra, 279 F.3d at 330 (citing Low, supra, at 470-471).

In Dickerson, the Fifth Circuit looked to its previous decision in Low, as requiring that plaintiff meet a two part test, consisting of subjective and objective components: (1) whether the specific injuries were known by plaintiff at the time that the administrative claim was filed; and (2) whether the plaintiff could have made out its worst-case scenario based on the severity of the injuries that were known. Dickerson, supra, 280 F.3d at 475-476, citing Low, supra, 795 F.2d at 470, and Reilly v. United States, 863 F.2d 149, 172-73 (1st. Cir. 1988).

---

[4] 28 U.S.C. §2675(b) provides: "Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

The policy behind the administrative cap on damages, was explained by the Fifth Circuit in Low as follows:

> "[I]f the exact nature, extent and duration of each recognized disability be known before the cap will be given effect, otherwise the section will be rendered useless; and the government will be unable to evaluate any claim made against it without the threat that, if it does not settle, its liability may increase substantially."

Dickerson, supra, citing Low, 795 F.2d at 471. Further, requiring the plaintiff to guard against a "worst-case scenario" in preparing his claim gives the Government full notice of its maximum potential liability in the case. This encourages settlement of FTCA cases in accordance with the statute's purposes. Dickerson, supra, (citing Low, 795 F.2d at 470-471, and Lebron, supra, 279 F.3d at 330-31).

In the instant case, plaintiff cannot prove the "subjective" component. His physical injuries: cervical and thoraco-lumbar muscle and ligament strain and changes, as diagnosed by Eric Ehlenberger, M.D., were well known to him at a very early date. According to the medical documentation plaintiff provided to the agency, plaintiff treated with Dr. Ehlenberger on April 20, 2001, and again on May 22, 2001. Plaintiff did not file his SF-95 until June 13, 2001, well after the conclusion of his treatment with Dr. Ehlenberger.

Plaintiff also cannot meet the "objective" component. He clearly had enough information available to him to make out a "worst-case" scenario in terms of his injuries. The "severity," or lack of, of his injuries were well know to him prior to the submission of his administrative claim. On or about June 13, 2001, he could easily have imagined a "worst-case" scenario. Dickerson, supra, 280 F.3d, at 475-476. Thereafter, at any time during the pendency of his claim, he had the opportunity under 28 C.F.R. §14.2(c) to amend or increase the sum certain amount or ad damnum. Plaintiff

7

never sought to clarify or increase the ad damnum which would have reasonably and fairly put the government on notice of its maximum potential liability in this case.

To permit an increase in the ad damum at this juncture would defeat the purpose of the administrative cap. 28 U.S.C. §2675(b). The government was not given fair notice its maximum potential liability and was unable to evaluate its exposure based on plaintiff's administrative claim.

## MOTION FOR SUMMARY JUDGMENT

Should the court not dismiss this matter in its entirety under Rule 12(b)(1), the United States would suggest that it is entitled to summary judgment as a matter of law under Rule 56(c).[5] Even assuming that the allegations, on their face, are sufficient to state a claim for negligence, there was no negligence by the defendant in connection with plaintiff's accident.

### Statement of the Facts

On April, 20, 2001, plaintiff arrived at the Park's Visitor Center to help set up for a multimedia performance. Plaintiff attempted to set up a slide projector to be used in the show, in the loft in the Visitor Center. As plaintiff was climbing the stairs, he hit his head on the door frame. The incident was not witnessed by anyone, although, a former Park safety officer subsequently investigated the incident. By the time of the incident, plaintiff had used the loft and stairs at least twice.

### Law and Argument

Summary judgment is appropriate when the pleadings, depositions, answers to

---

[5] "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

interrogatories, and admissions show that there is no genuine issue as to any material fact and indicate that the moving party is entitled to judgment as a matter of law because the evidence favoring the nonmoving party is legally insufficient for the nonmoving party to prevail on that claim at trial. See Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party's summary judgment burden may be satisfied by highlighting the lack of proof on an essential element of the nonmoving party's claim. See Hewitt v. United States, 1999 WL 980161, *1 (E.D.La.)(citing United States v. Luwisch, 1998 WL 830647 (E.D.La.); Celotex, 477 U.S. at 325). The summary judgment burden then shifts to the nonmoving party to set out specific evidence establishing that there is a genuine issue of material fact in dispute. Id. In addition, the Fifth Circuit has suggested that a "more lenient standard for summary judgment" exists in non-jury cases. Luwish, 1998 WL 830647 (quoting United States Fidelity and Guaranty Co. v. Planters Bank & Trust Co., 77 F.3d 863 (5th Cir. 1996). Specifically, at the summary judgment stage of a bench trial, the judge may conclude that there are no genuine issues of material fact based on the affidavits, depositions, and stipulations made by the parties as well as rely on inferences drawn from the given facts. See id.

Pursuant to the FTCA, any liability of the United States for personal injury is determined on the basis of "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Because the alleged negligent acts in this case occurred in Louisiana, the tort law of Louisiana applies. In determining whether liability exists for negligence under the facts of a particular case, courts in Louisiana have long employed a duty/risk analysis. See Brown v. United States, 861 F.Supp. 539, 541 (W.D.La. 1994); see also Cormier v. T.H.E. Ins. Co., 745 So.2d1, 6 (La. 1999); see also Esposito v. Davis, 47 F.3d 164, 166- 67 (5th Cir. 1995); see also Trice v. Isaac, 2000 WL

181677, *4 (slip opinion) (La.App. 5th Cir.). Under this duty/risk analysis, plaintiff must prove that:

> (1) the conduct of the defendant was a cause-in-fact of plaintiff's injury; (2) a duty was imposed by law to protect plaintiff from the injury arising under the circumstances of the case; (3) the defendant violated the duty with respect to plaintiff– i.e., the defendant acted unreasonably; and (4) damages were sustained.

Brown, 861 F.Supp. at 541 (citing Mart v. Hill, 505 So.2d 1120, 1122 (La. 1987); Hill v. Lundin & Assocs., Inc., 256 So.2d 620, 622 (La. 1972)).

### I. Duty of a Landowner

The duty of a landowner or an occupier of a premises to an invitee is to exercise reasonable or ordinary care in accordance with the circumstances involved. See Brown, 861 F.Supp. at 541. This duty imposes an obligation on the landowner to "avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger." Id.; see also Socorro v. City of New Orleans, 579 So.2d 931, 939 (La. 1991) (citing Shelton v. Aetna Casualty & Sur. Co., 334 So.2d 406, 410 (La. 1976)).

As stated by the court in Brown, "[i]n determining the existence of a legal duty . . . Louisiana courts have made clear that '[w]here the risk is obvious, universally known, easily avoidable, and a part of the natural order and one's quotidian surroundings,' there is no duty to warn and no duty to correct a potentially dangerous condition." Brown, 861 F.Supp at 541 (quoting Henshaw v. Audubon Park Comm'n, ABC, 605 So.2d 640, 642 (La.App. 4th Cir. 1992); also citing Shelton, 334 So.2d at 410). There is some confusion, however, as to whether this open and obvious defense is

available to a defendant. Some courts apply the duty/risk analysis while taking into account plaintiff's unreasonableness in not perceiving an obvious danger, though others only question plaintiff's reasonableness in terms of her contributory negligence in the award of damages. See Hill v. United States Steel Corporation, 640 F.2d 9, 10 (Ct.App. 5th Cir. 1981) (finding that owner has no duty to remove known or obvious dangers and cannot be liable for injuries resulting from such conditions); see also Fain v. Goodyear Tire and Rubber Co., 228 F.2d 508, 511 (Ct.App. 5th Cir. 1956) (defendant owed no duty to warn plaintiff who tripped over open and obvious car jack at mechanic's shop).

Regardless of plaintiff's own degree of negligence, the reasonableness of defendant's actions in relation to the particular risk in question should be determined by a balancing of the intended benefit of the thing with its potential harm and the cost of prevention. See DeStevens v. Harsco Corp., 652 So.2d 1054, 1057 (La.App. 4th Cir. 1995) (quoting Socorro v. City of New Orleans, 579 So.2d 931 (La. 1991). Whether a duty to warn or eliminate the risk depends, therefore, on whether the risk was unreasonable under the circumstances. If the court determines that there was an unreasonable risk, this is where plaintiff's own actions come into play as a matter of comparative negligence. As stated by the Louisiana Supreme Court, "[a] defendant's duty should not turn on a particular plaintiff's state of mind, but instead should be determined by the standard of care which the defendant owes to all potential plaintiffs." Murray v. Ramada Inns, Inc., 521 So.2d 1123, 1136 (La. 1988); see also Mays v. Gretna Athletic Boosters, Inc., 668 So.2d 1207, 1208- 09 (La.App. 1996). The bottom line is that there is still no duty to warn of "obvious dangers" regardless of plaintiff's own subjective actions and understanding. See DeStevens, 652 So.2d at 1058; see also Murray, 521 So.2d at 1136; see also Trice, 2000 WL 181677, *4 (quoting Socorro, 579 So.2d 931).

A pedestrian has a duty to see that which should be seen in order to determine whether her path is clear. Williams, 541 So.2d 228, 230 (La.App. 4th Cir. 1989). As stated by the court in Hines v. Dept. of Transportation & Development, "the pedestrian using [a] portion of a street, or any other highway in the State of Louisiana not designated for pedestrian traffic, should be observant of the surface conditions upon which they are walking. . . . Plaintiff is not required to look for hidden dangers but she is bound to observe her course and to see if her pathway is clear." Id. at 727. at 363.

This was an easily avoidable risk to the plaintiff through the exercise of reasonable caution. Had plaintiff been paying attention to his surroundings, the accident would not have occurred. There was no "hidden danger" in the nature of a trap or pitfall.

No legal duty, therefore, should be imposed on the United States or any of its employees in the scope of their duties, to remedy or warn of the standard height of the door frame. All that need be done, is for persons to exercise a reasonable degree of caution for their own safety, which was clearly not done in this case.

## II. Breach of Landowner's Duty

In accordance with the above argument and authorities, the United States suggests that it owed no duty to plaintiff to remedy or warn of the presence of the door frame which is a permanent and open fixture. Accordingly, it is suggested that no duty was breached.

## III. Legal Cause

In accordance with the above arguments and authorities, and the lack of any particular named employee of the United States that caused her fall, there can be no liability on the defendant.

### IV. Plaintiff's Damages

Plaintiff allegedly sustained minor personal injuries as a result of hitting his head on the door frame. However, as a matter of law, no employee of the United States while acting in the scope of his or her duties, is responsible in any manner for plaintiff's injuries.

### CONCLUSION

For the above stated reasons, this court lacks jurisdiction under the FTCA to consider the claims of plaintiff as set forth in his Complaint, and accordingly, this action should be dismissed in its entirety and with prejudice under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In the alternative, there is no genuine issue of material fact which would support plaintiff's claims of negligence under Louisiana tort law against the United States under the FTCA, and accordingly, this matter should be dismissed with prejudice under Rule 56(c) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

JIM LETTEN
UNITED STATES ATTORNEY


KATHRYN W. BECNEL (23641)
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Suite 210B
New Orleans, Louisiana 70130
Telephone: (504) 680-3025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN GRAUBARTH,**<br>**Plaintiff** | * | CIVIL ACTION |
| | * | NUMBER: 05-0892 |
| v. | | |
| | * | SECTION: "I" (1) |
| **UNITED STATES OF AMERICA,**<br>through its agency, **DEPARTMENT**<br>**OF THE INTERIOR,**<br>**Defendant** | * | |
| | * | |

\* \* \*

## NOTICE

TO: HARRY E. FORST, Esquire
639 Loyola Avenue, Suite 1830
New Orleans, LA 70113
Telephone: (504) 525-0070

**PLEASE TAKE NOTICE** that the foregoing Motion to Dismiss or, In the Alternative, Motion for Summary Judgment will be brought for hearing before the Honorable Lance M. Africk, United States District Judge for the Eastern District of Louisiana, at the United States Courthouse, 500 Poydras Street, New Orleans, Louisiana, on the 10th day of August, 2005, at 9:00 a.m., or as soon thereafter as counsel may be heard.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
KATHRYN W. BECNEL (23641)
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Suite 210B
New Orleans, Louisiana 70130
Telephone: (504) 680-3025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid, this 13 day of July, 2005.

*Kathryn Becnel*
KATHRYN W. BECNEL
Assistant United States Attorney