UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JONATHAN GRAUBARTH                                    CIVIL ACTION


VERSUS                                                No. 05-0892

UNITED STATES OF AMERICA,
through its agency, DEPARTMENT
OF THE INTERIOR                                       SECTION:  I /1



ORDER AND REASONS

The matter before the Court is a motion, filed on behalf of defendant, the United States,

seeking dismissal pursuant to Rule 12(b)1[1] of the Federal Rules of Civil Procedure or, in the

alternative, summary judgment according to Rule 56(c)[2].  Plaintiff, Jonathan Graubarth,

("Graubarth"), opposes the motion.  For the following reasons, defendant's motion for summary

judgment is **GRANTED**.



*BACKGROUND*

On April 20, 2001, plaintiff was "performing"[3] at the Jean Lafitte National Historic Park

Auditorium in New Orleans, Louisiana.  The park is operated by the United States, through its

---

[1]Rule 12(b)1 provides a defense for "lack of jurisdiction over the subject matter."

[2]Rule 56(c) provides, in pertinent part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

[3]Rec. Doc. 1, p. 2.

agency, the Department of the Interior.  Plaintiff, while climbing up a ladder or set of stairs to enter a projection booth, struck his head on the top of the door frame.  He fell and sustained injuries. Plaintiff then filed an administrative claim with the National Park Service on June 13, 2001, by filing a Standard Form 95 ("SF-95").  Receiving no decision with respect to his administrative claim, plaintiff filed the present claim on March 23, 2005, pursuant to the Federal Tort Claims Act ("FTCA").[4]  On July 13, 2005, defendant timely filed its motion to dismiss for lack of jurisdiction or, in the alternative, for summary judgment.

The United States argues that plaintiff (1) failed to include a "sum certain" in his original administrative claim; (2) alleges premises liability, which is unavailable through the FTCA; and (3) in the alternative, has failed to present a genuine issue of material fact with respect to any duty the United States may have owed the plaintiff.  Plaintiff responds that (1) the medical bills and records submitted meet the "sum certain" requirement; (2) his claim is for negligence, not premises liability; and (3) a genuine issue of material fact does exist with respect to the dangerousness of the property.[5] Plaintiff's opposition was timely filed.

### LAW AND ANALYSIS

#### I.  Standards of Law

##### A.  Motion to Dismiss for Lack of Jurisdiction

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case."

---

[4]Rec. Doc. 1.

[5]Rec. Doc. 11.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Such a motion may be decided by the court on one of three bases:  (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts.  *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. *Ramming*, 281 F.3d at 161.  The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."  *Id.* (citation omitted).

### B.  Motion for Summary Judgment

Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is an issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material

fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.*

In a nonjury case, the Fifth Circuit has suggested, but not explicitly adopted, a "more lenient standard for summary judgment." *U.S. Fid. & Guar. Co. v. Plantars Bank & Trust Co.*, 77 F.3d 863, 865 (5th Cir. 1996), *cited by Ill. Cent. R.R. Co. v. Mayeux*, 301 F.3d 359, 362 (5th Cir. 2002). The Circuit Court has stated that "where the judge is the trier of fact . . . he may be in a position to draw inferences without resort to the expense of trial, unless there is an issue of witness credibility." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 273 n.15 (5th Cir. 1987) (quoting *Ala. Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609-10 (5th Cir. 1979)).

*II.  Failure to Include a Sum Certain*

The United States argues that plaintiff failed to exhaust his administrative remedies, creating a jurisdictional defect in his FTCA claim.[6] In particular, the United States alleges that when Graubarth filed claim with the Department of the Interior, he neglected to include a specific dollar amount, or "sum certain," on the SF-95 that he submitted.

Title 28 of the United States Code Section 2675(a) does require a plaintiff to exhaust

---

[6]Rec. Doc. 9, p. 5.

4

available administrative remedies before seeking redress in the courts.[7]   A plaintiff bringing such

an administrative claim must provide the agency with "written notification of [the] incident,

accompanied by a claim for money damages in a sum certain."  28 C.F.R. § 14.2(a).  The timely

presentation of this claim and sum certain is a jurisdictional requirement.  *Martinez v. United*

*States*, 728 F.2d 694, 697 (5th Cir. 1984) (citing *Wardsworth v. United States*, 721 F.2d 503, 505-

06 (5th Cir. 1981)).  The notice and sum certain requirements "ensure that federal agencies

charged with making an initial attempt to settle tort claims against the United States are given

full notice of the government's potential liability."  *Id.* at 530 (citation omitted).

        The sum certain requirement, however, is liberally construed in this Circuit.  *Montoya v.*

*United States*, 841 F.2d 102, 104 (5th Cir. 1988); *Martinez*, 728 F.2d at 697; *Wardsworth*, 721

F.2d at 505.  Though the defendant states that the SF-95 is the "preferable method for

presentment of notice and a sum certain,"[8] Fifth Circuit precedent holds that "[n]o particular

form of notice is required as long as it '(1) gives the agency written notice of [the] claim

sufficient to enable the agency to investigate and (2) places a value on [the] claim.'"

*Wardsworth*, 721 F.2d at 506 (citing *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980))

(alterations in the original).

        In *Molinar v. United States*, the plaintiff's attorney mailed a letter to a federal agency

demanding payment for the property damage and personal injury that the plaintiff suffered in a

---

[7]28 U.S.C. § 2675(a) provides:
        An action shall not be instituted upon a claim against the United States for money
        damages . . . unless the claimant shall have first presented the claim to the
        appropriate Federal agency and his claim shall have been finally denied by the
        agency in writing and sent by certified or registered mail.

[8]Rec. Doc. 9, p. 5.

car accident with a federal employee.  515 F.2d 246, 247 (5th Cir. 1975).  The attorney attached

copies of the plaintiff's medical bills, as well as estimates for car repair; there was not, however,

a sum specified in the body of the letter.  *Id.*  The court in *Molinar* held that the attorney's letter

and appended bills provided the agency with sufficient notice of the plaintiff's claim.  *Id.* at 249.

The court saw the "original claim as one for a 'sum certain' because of the bills attached to it."

*Id.*; *see also Williams v. United States*, 693 F.2d 555, 558 (5th Cir. 1982) (finding that where

plaintiff later supplemented his original SF-95 claim, this provided the federal agency with

sufficient notice and a sum certain); *Crow v. United States*, 631 F.2d 28, 30 (5th Cir. 1980)

(finding attorney's letter, including an invoice and inventory of items for which recovery was

sought, sufficient to meet FTCA requirements).

Plaintiff states that he sent medical bills to the Department of the Interior.[9]  Assuming

plaintiff's allegations to be true and viewing these in the light most favorable to Graubarth for

the purposes of this motion, this Court finds that plaintiff could have filed notice sufficient to

meet the sum certain requirement.  As shown below, however, overcoming this jurisdictional

hurdle will not be enough to save plaintiff's claims.

## II.  General Premises Liability

The United States argues that plaintiff's claims are general premises liability claims that

are not permitted by the FTCA.[10]  The FTCA provides a remedy "for injury or loss of property . .

---

[9]Rec. Doc. 11, p. 3.

[10]Rec. Doc. 9, p. 2-3.

. caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  This remedy does not, however, open the United States to liability based on strict liability.  *Aretz v. United States*, 604 F.2d 417, 427 (5th Cir. 1979) (citing *Laird v. Nelms*, 406 U.S. 797 (1972)).  Though not specifically addressed by the Fifth Circuit, other district courts have interpreted this bar as similarly precluding general premises liability.  *See, e.g.*, *Slagle v. United States*, 2003 U.S. Dist. LEXIS 4837, at *2 (E.D. La. Mar. 26, 2003) (holding premises liability unavailable against the United States as a matter of law); *Perkins v. United States*, 1999 U.S. Dist. LEXIS 3390, at *6-7 (E.D. La. Mar. 16, 1999) ("[A]lthough the Fifth Circuit has not addressed the issue . . . I agree . . . that the FTCA does not permit suits for general premises liability to the extent that such theories resemble strict liability . . . ."); *Culpit v. United States*, 964 F. Supp. 1104, 1112 (W.D. La. 1997) (finding that "this is not an issue that has been defined by the Fifth Circuit" and dismissing plaintiff's claims against the United States "to the extent that they are founded on general state law premises liability").  This Court agrees with the reasoning of these opinions and likewise holds that the FTCA does not permit claims alleging premises liability.

    Plaintiff's complaint makes no mention of any specific federal employees who may have negligently caused the injuries alleged.  In his later response to the instant motion of the United States, plaintiff still fails to identify a specific government employee whose acts or omission caused the injury.  Instead, plaintiff merely claims that his allegations "would suggest that there is a government employee who should have warned individuals of the defective nature of the ladder and stairs."[11]  This does not create an allegation of negligence sufficient to meet the

---

[11]Rec. Doc. 11, p. 2.

strictures of the FTCA.  *See Perkins*, 1999 U.S. Dist. LEXIS 3390, at *7-8 (determining that "the substance of the claim remains one of premises liability" where plaintiff's complaint failed to "allege that *specific* individuals were negligent in any *specific* manner").

Because plaintiff fails to allege negligence on the part of any specific federal employees for any specific acts of negligence, his claim is one for premises liability and therefore cannot sustain his FTCA action.[12]

*III.  Motion for Summary Judgment*

Even if this Court were to assume that the plaintiff had stated a claim for negligence, as opposed to general premises liability, the claim would still fail because it presents no genuine issue of material fact.  For purposes of the FTCA, any liability of the United States will be determined by the "law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  Louisiana courts apply a four-factor "duty-risk" analysis, considering:  (1) whether the conduct was a cause-in-fact of the harm; (2) the respective duties owed by the parties; (3) whether the requisite duties were breached; and (4) whether the risk and harm caused were within the scope of protection afforded by the duty breached.  *Mart v. Hill*, 505 So.2d 1120, 1122 (La. 1987); *see also Gardes Directional Drilling v. U.S. Turnkey Exploration Co.*, 98 F.3d

---

[12]In addition, plaintiff notes that his complaint alleges the United States "knew, or should have known of the defective nature of the ladder and stairs."  Rec. Doc. 11, p. 2.  Plaintiff claims that this "too is an allegation of negligence against individual government employees."  *Id.*  The Louisiana Supreme Court teaches, however, that  the "burden of proving defendant's scienter, *i.e.*, that defendant knew or should have known of the defect," falls only to plaintiffs seeking to assert premises liability claims.  *Fontenot v. Fontenot*, 635 So.2d 219, 221 (La. 1994) (internal quotation and citation omitted).  Thus, plaintiff's  allegation actually cuts against his claim for negligence.

860, 867 (5th Cir. 1996).

The United States argues that it had no duty to warn plaintiff because any danger presented by the stair and door frame was open and obvious.[13]  In addition, the United States contends that the risk presented to plaintiff was reasonable.[14]  Plaintiff, however, presents no evidence, affidavit, or other submission to challenge these allegations.  Instead, plaintiff rests on his pleadings[15] and the cursory explanation in his opposition to defendant's motion that "their motion for summary judgment is premature and until discovery has been completed the motion should be denied."[16]

In an attempt to allege the required factual issue, plaintiff has filed a "Statement of Material Facts."[17]  This submission, however, does little to substantiate plaintiff's claim; it lacks any specific details of the actual physical surroundings that plaintiff encountered during his accident and instead merely restates the elements of a negligence charge.  A party's opposition to a motion for summary judgment requires specific facts, *Matsushita*, 475 U.S. at 587, and the party must "articulate the precise manner in which that evidence supports his or her claim," *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Plaintiff has not detailed any evidence to counter defendant's arguments that the danger presented was obvious and that

---

[13]Rec. Doc. 9, p. 12.

[14]*Id.*

[15]Plaintiff's complaint states, without further detail, that "[u]pon climbing up the ladder/stairs Mr. Graubarth suddenly and without warning struck his head on the top of the door frame causing him to fall to the ground."  Rec. Doc. 1, p. 2.

[16]Rec. Doc. 11, p. 6.

[17]*Id.* at 20-21.

the risk was reasonable.  Plaintiff's vague and imprecise allegations do not create the required

issue of material fact, nor do they warrant any further discovery[18].

Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is GRANTED and

plaintiff's claim dismissed with prejudice.

New Orleans, Louisiana, August _____26th_____, 2005.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18]Additional discovery may be granted without a formal affidavit in support of
continuance.  *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)
("[N]on-movants need only submit an equivalent statement preferably in writing that conveys
the need for additional discovery.") (internal quotations omitted).  This additional discovery,
however, may be denied where it is unlikely to produce the facts required to withstand the
motion for summary judgment or in order to protect the defendant from "harassment and 'fishing
expeditions.'"  *Mills v. Damson Oil Corp.*, 931 F.2d 346, 350 (5th Cir. 1991).